# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**BRYANT N. PAULIN,**
**Tenant residents Fred W. Parris Towers**                                    **PLAINTIFF**

v.                         Case No. 4:21-cv-01019-JM

**MHA GORMAN & CO. INC.**                                                    **DEFENDANT**

## ORDER

Plaintiff Bryant Paulin's motion to proceed *in forma pauperis* is granted. He reports living on social security retirement income. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

The law requires that I screen the Complaint. 28 U.S.C. § 1915(e)(2). "A *pro se* plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

There are problems with Paulin's complaint. First, Paulin signs his complaint "Bryant N. Paulin for Tenant residents Fred Parris Towers." (Doc. 2 at 3). As a nonlawyer, Paulin cannot raise claims on behalf of other tenants because doing so would constitute the unauthorized practice of

law. *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (*per curiam*). Second, Paulin's complaint is insufficiently pleaded.

Paulin brings this suit under Title VII of the Civil Rights Act of 1964, s*ee* 42 U.S.C. §§ 2000e, *et seq*., alleging he was discriminated against on March 12, 2018. (Doc. 2 at 2). Title VII provides relief from workplace discrimination. Paulin, however, does not state that he was employed by Defendant. Rather, as best the Court can discern, it appears that Paulin was, at one time, either a resident of or an applicant to be a resident of the Fred Parris Towers, a building owned by Gorman but managed by the Metropolitan Housing Alliance. With no clear argument, it seems Paulin takes issue with Defendant's 2018 decision to increase the minimum tenant age from 50 to 62 years old. (Doc. 2 at 3). He then attaches to his complaint a number of articles about the Tower as well as the Housing and Urban Development's application of the Violence Against Women Act. (Doc. at 4-19). In short, Paulin's complaint is incoherent and does not state a federal claim.

The Complaint is dismissed without prejudice for failing to state a claim on which relief can be granted. The Clerk is directed to close this case. The Court certifies that an *in forma pauperis* appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 9th day of November, 2021.

_____
UNITED STATES DISTRICT JUDGE